APPERSON *v.* KARSCH *et al.*

(*Nashville*, December Term, 1950.)

Opinion filed June 16, 1951.

John W. Apperson, of Memphis, for complainant.

James W. Watson, of Memphis, guardian ad litem for Donnelley Joseph Hill.

George W. Grider, of Memphis, for Blanche Hamilton Karsch and others.

Mr. Justice Prewitt delivered the opinion of the Court.

This suit involves a trust fund of approximately $35,000, the trust having been created in 1935 by defendant Blanche Hamilton Karsch. The purpose of the suit

was to have the court declare the rights of the parties in said fund. The cause was tried on a stipulation of facts and the court held that defendant Donnelley Joseph Hill had no interest, present or future, in said fund.

Mary Louise Karsch Hill is the daughter of Mrs. Blanche Hamilton Karsch and lives with her husband. In 1940 Mary Louise Karsch Hill adopted the minor defendant, Donnelley Joseph Hill.

The only question presented by this appeal is whether Blanche Hamilton Karsch, the creator or settlor of the trust, conveyed by this inter vivos instrument any interest of any nature to the child or children of her daughter, Mary Louise Karsch Hill, by the said instrument.

The following is the trust instrument executed by Blanche Hamilton Karsch:

"I have this day placed in the hands of William P. Metcalf, Trustee, of Memphis, Tennessee, tax free bonds of today's market value of $20,000, said bonds being listed on the attached sheet bradded hereto and made a part hereof and shall be taken, deemed and treated as a part of this instrument as though copied therein.

"Said bonds are a gift and are placed in trust with William P. Metcalf, as Trustee, for the use and benefit of my daughter, Mary Louise Karsch Hill upon the terms and conditions and for the uses hereinafter stated.

"The said Trustee shall collect the interest on said bonds as the same shall be and become payable and shall re-invest the same interest bearing tax-free securities which shall be and become a part of the trust estate.

"In the event of my daughter becoming a widow or be living separate and apart from her present or any future husband, and with her mother, I direct that said Trustee shall pay to my daughter, Mary Louise Karsch Hill, the

monthly sum of $150.00 or so much thereof as she, the said Mary Louise Karsch Hill, may demand (she may prefer the up-building of the trust estate through the payment to her of less monthly income.) The Trustee for the purpose of paying said monthly sum of $150.00 is authorized and empowered to encroach upon the corpus or principal if the dividends or income be insufficient to pay to my said daughter said monthly sum of $150.00.

"It is my purpose in making this gift that it shall be absolute without the retention of any title, control or indicia of ownership either as to principal or interest. I only reserve the right to appoint a substitute trustee in the event of the death of William P. Metcalf, Trustee, which may occur during my lifetime.

"In the event of the death of my daughter, Mary Louise Karsch Hill leaving no child or children surviving her, such corpus of the estate as may remain shall be held in trust for the use and benefit of my son, Hamilton Karsch, and from estate there shall be paid to him the sum of $150.00 monthly until said corpus is consumed.

"In the event of the death of my son, Hamilton Karsch, leaving no child or children, such estate as may be left under this trust shall be and belong to Margaret Astall Wolf of Houston, Texas, wife of Joseph Wolf, if she be living, to be hers absolute, free from the conditions of this trust, and said Trustee shall deliver to her said estate less such inheritance or other taxes, costs and expenses.

"I reserve the right to nominate and appoint the First National Bank of Memphis, Tennessee, as a joint Trustee with the said William P. Metcalf, or such successor Trustee to him, in the event of his death.

"I waive the bonds of either of said Trustees and they shall be liable only for malfeasance or misfeasance

and shall not be chargeable with any error of judgment in the investment of any of the income arising from said estate or from the sale of any of said bonds and the re-investment of the same in other bonds as they or either of them are authorized to make, if in their justment it may seem to the best interest of said trust estate.

"Witness my hand in duplicate this December 31, 1935.

"Blanche Hamilton Karsch"

Hamilton Karsch has died, leaving no children, and the ultimate beneficiary, Mrs. Wolf, has renounced the trust.

If Mary Louise Karsch Hill dies "leaving no child or children", there will be a reversion to the settlor, Blanche Hamilton Karsch. Bogert, Trusts, Vol. 2, par. 468.

It also appears that Mary Louise Karsch Hill has since the creation of the trust been living with her husband and apart from her mother, and has not been entitled to any of the income from the trust.

It also appears that complainant, John W. Apperson, is the present trustee in the trust instrument.

From an examination of said trust instrument, there appears no definite and certain provision by which any child or children of Mary Louise Karsch Hill should receive any beneficial interest in said trust estate. There is no implication in said instrument by which the court can definitely find that the settlor, Mrs. Karsch, intended that the child or children of Mary Louise Karsch Hill should receive any beneficial interest under said trust.

We are of the opinion that should Mary Louise Karsch Hill die leaving a child or children surviving her, that would be a contingency unprovided for in the trust instrument, and the trust would revert to the settlor, Blanche Hamilton Karsch. The Court is further of the opinion that should Mary Louise Karsch Hill leave no

child or children surviving her, then because the son of the settlor, Hamilton Karsch died without child or children surviving him, and because Mrs. Wolf has renounced her interest, the trust would revert to the settlor Blanche Hamilton Karsch, and Mary Louise Karsch Hill, being the sole beneficiary of the trust and all beneficial interests therein, present or future, they should be allowed to dissolve the trust should they see proper to do so.

We are of the opinion that the doctrine of gifts by implication should not be applied to inter vivos trust. No Tennessee case has been cited in point.

In *Lilliard* v. *Lilliard,* 1939, 63 Ohio App. 403, 26 N. E. (2d) 933, 935, in disposing of the question of whether or not the presumption against partial intestacy applicable in the construction of wills should be applied to an inter vivos trust, the court stated: "To apply this rule to a grant inter vivos ignores the obvious intent of a testator to substitute his will as to the distribution of his property after death for the method of distribution provided by the law. . . . No such intent can be imputed to a grantor. . . . To hold that a grantor intends to convey all of his property when he executes a conveyance limited by the terms used to specific property and titles is to disregard human nature and do violence to the meaning of words."

In *Chater* v. *Carter,* 1915, 238 U. S. 572, 35 S. Ct. 859, 861, 59 L. Ed. 1462, it appeared that the settlor placed stock in trust for the benefit of one of his seven daughters. The trustee was instructed "to cause the dividends to be paid to her during the [next] three years from January 1st next and if she shall then be living to transfer the shares to her . . . unless at the end of the three years she shall have no child living, in which case the

trustee to hold the stock paying her the dividends during her lifetime . . . at her death to divide the trust funds or securities equally among her sisters who shall then be living . . . my object being, . . . that as to these . . . shares they shall remain in my family.'' It appeared that the trust was made in view of the expected maternity within a few months, but it happened that she died in giving birth to the child and was survived by her husband and the child, all occurring before ''January 1st''. It was held that there was no gift by implication to the child and that the trust resulted to the settlor.

The court said in referring to the trust instrument:

''In construing it, we are not called upon to strain the meaning of words, as is sometimes done to avoid intestacy when wills are to be construed. . . .

''Mrs. Chater was the chief object of the bounty. What she was to receive, and when she was to receive it, were stated in plain terms. Beyond this, we think that there are none of the implications that are deemed to arise in case of wills.''

In the trust instrument before the Court, the conveyance was limited by its terms to contingency that Mary Louise Karsch Hill should die ''leaving no child or children''. This was stated in plain terms. Beyond this, there should be none of the implications that are deemed to rise in case of wills. It results that we find no error in the decree of the Chancellor and it is affirmed.

All concur.